UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAGUERCIE BONIFACE, | ) |
| | ) |
| Plaintiff, | ) Case No. 18-CV-4596 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| WESTMINSTER PLACE, LIZ ETHERIDGE and SALLY MYERS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Laguercie Boniface filed an eight-count Amended Complaint against defendants Westminster Place, Liz Etheridge, and Sally Myers, alleging harassment, retaliatory discharge, and discrimination on the basis of race and for filing an earlier sexual harassment charge with the IDHR. Defendants move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons outlined below, defendant's motion [15] is granted in part and denied in part.

**Background**

In addressing this motion, the Court accepts all facts set forth in the Amended Complaint as true. Laguercie Boniface is a black woman of Haitian descent, who was employed as a housekeeper by defendant Westminster Place. Westminster is an independent living retirement community, which employs individual defendants Liz Etheridge and Sally Myers. Boniface filed a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") and with the Equal Employment Opportunity Commission ("EEOC"), which issued a right to sue letter. (Dkt. 6 at 10.)

The Amended Complaint alleges that Boniface filed a separate complaint against Westminster and one of its employees with the IDHR in early 2016, alleging incidents of sexual

1

harassment. Boniface contends that as a result, on "multiple occasions" in July 2016, employees of Westminster left "voodoo" bags in her cart at work in an attempt to intimidate and harass her because of her race and these prior allegations of wrongdoing against Westminster. Boniface alleges that she informed Etheridge and Myers of the harassment and that Etheridge and Myers knew or should have known that she was a target of harassment by other employees due to her prior complaint. Despite her report, Boniface alleges that no meaningful investigation into the voodoo bags incidents occurred and the culprits were neither identified nor punished.

Approximately one month later, Myers told Boniface that she was fired for allegedly pushing a co-worker. When Boniface complained that she was being treated unfairly because Westminster had not investigated the allegations against her, Etheridge informed Boniface that was not being fired but was "suspended indefinitely without pay pending the outcome of an investigation." Boniface alleges that she was never provided an update on the status of the investigation or her employment. When Boniface attempted to follow-up regarding the status of her employment with Westminster, the defendants "tried to trick [her] into saying she had quit her position." Boniface alleges that she was discharged from her employment with Westminster when she was told she was suspended without pay.

Boniface then brought this suit, alleging that defendants harassed and discriminated against her on the basis of her race and retaliated against her for filing an earlier sexual harassment charge with the IDHR in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1981, and Illinois common law. Boniface seeks back pay, prejudgment interest, general and compensatory damages, punitive and liquidated damages, and attorneys' fees and costs for the alleged violations. Defendants have moved to dismiss the Amended Complaint for failure to state a cause of action upon which relief can be granted.

**Legal Standard**

In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all of the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). To survive a motion to dismiss, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Id.* at 632 (internal quotations omitted). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient for surviving a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In addition to the allegations contained in the complaint, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [her] claim." *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 975 (7th Cir. 2013) (internal quotation and citation omitted). Further, a court "may also take judicial notice of matters of public record." *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994). Defendants' exhibits 1 and 2, Boniface's IDHR charges, are referred to in her Amended Complaint and are central to determining the scope of Boniface's claims. *See Anderson v. Centers for New Horizons, Inc.*, 891 F. Supp. 2d 956, 959 (N.D. Ill. 2012) (Bucklo, J.). In contrast, defendants' exhibits 3 and 4, the IDHR's dismissal notices and investigation reports, are not central and the Court need not rely upon them to determine the scope of Boniface's claims. This Court takes judicial notice of defendants' exhibits 1 and 2 and declines to take judicial notice of defendants' exhibits 3 and 4.

**Discussion**

Defendants make numerous arguments for dismissal of the Amended Complaint in its entirety, and this Court will address each in turn.

*Harassment (Counts I, II, and V)*

Boniface contends that defendants violated Title VII and section 1981 for harassing her based on race and for filing her earlier complaint of sexual harassment. Defendants argue that Boniface's harassment claims should be dismissed because her allegations that voodoo bags were anonymously placed on her cart while working at Westminster fail as a matter of law to establish "severe or pervasive" harassment sufficient to create a hostile work environment. In response, Boniface contends that her allegations regarding the voodoo bags are sufficient at this stage. Boniface also attempts to supplement her pleadings regarding the nature of the voodoo bags. (Dkt. 21 at 1 n.1.) A plaintiff, however, cannot amend her complaint in her response brief to a motion to dismiss. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). The additional facts Boniface provides regarding her "strong religious beliefs" or "torment" she experienced as a result of finding those bags on her cart similarly are not properly before this Court and are not considered as allegations relevant for this motion.[1]

Because the same substantive analysis applies to discrimination claims brought under Title VII and section 1981, Brownlee's claims will be analyzed together. *Johnson v. General Bd. of Pension & Health Benefits of the United Methodist Church*, 733 F.3d 722, 728 (7th Cir. 2013). To be actionable, harassment must be: (i) based on race; (ii) subjectively and objectively hostile; and (iii) sufficiently severe or pervasive to interfere with an employee's ability to perform his assigned duties. *Dandy v.*

---

[1] The Court does not consider at this time defendants' contention that "fetish toys" being placed on her cart is materially different from "voodoo bags," such that the Court should not consider these allegations. This change in terminology may be ripe for consideration during discovery but is not relevant at the pleading stage. *Contra Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 128 (7th Cir. 1989) (affirming dismissal of class-wide discrimination allegations not included in plaintiff's EEOC charge).

*United Parcel Service, Inc.*, 388 F.3d 263, 271 (7th Cir. 2004). The threshold for Boniface is high, as only a "hellish" workplace is actionable as a hostile work environment. *Whittaker v. Northern Ill. Univ.*, 424 F.3d 640, 645 (7th Cir. 2005).

The factual allegations on this count are quite vague. Boniface claims that unspecified employees of Westminster left voodoo bags in her cart in an *attempt* to intimidate and harass her. (Dkt. 6 ¶ 13.) Boniface does not allege in her Amended Complaint that the voodoo bags actually did intimidate or harass her or how they were related to her race. Nor does Boniface state allegations to support an inference that the voodoo bags were severe and pervasive. Boniface points to *Porter v. Erie Foods Int'l, Inc.*, 576 F.3d 629 (7th Cir. 2009), likening the voodoo bags to the many instances of an African-American man discovering nooses hung throughout his workplace for long periods of time, which the plaintiff alleged made him fear for his own safety and for that of his family. *Id.* at 633. The allegations here pale in comparison. There are no specific allegations suggesting that any conduct was physically threatening or verbally abusive or how it interfered with her work performance. *See Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 552 (7th Cir. 2002) (listing the factors influencing whether the complained of conduct is sufficiently severe and pervasive to be actionable as a hostile work environment). Accordingly, this Court dismisses Counts I, II, and V against all defendants.

Defendants further contend that because Etheridge and Myers are individual defendants, the harassment allegations against Etheridge and Myers under both Title VII and section 1981 must fail. No individual liability exists under Title VII, which Boniface does not attempt to dispute. *See Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 930 (7th Cir. 2017). As such, Counts I and II are dismissed with respect to defendants Etheridge and Myers for this additional reason. Counts III and IV, brought pursuant to Title VII, against defendants Etheridge and Myers are also dismissed.

5

Boniface responds that individual liability under section 1981 is appropriate when the defendant has participated in or caused the alleged discrimination. Individual liability arises under section 1981 only if the defendant was personally involved. *See McQueen v. City of Chicago*, 803 F. Supp. 2d 892, 901 (N.D. Ill. 2011) (Feinerman, J.) (citing *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 753 (7th Cir. 1985)). Here, Boniface alleges that Etheridge and Myers "engaged in the complained of conduct in the course and scope of their employment" and alleges specific interactions with regard to each defendant. Boniface contends that she informed Etheridge and Myers of the "harassment" and neither undertook meaningful investigation, that Myers told Boniface she was fired for pushing a co-worker, and that Etheridge told Boniface she was suspended without pay pending the outcome of the investigation. Drawing all inferences in Boniface's favor, as required at this junction, the Amended Complaint sufficiently ties Etheridge and Myers to the alleged section 1981 violations. These counts will not be dismissed on the basis of failure to allege insufficient individual liability alone.[2]

*Retaliation (Counts III, VII, and VIII)*

Next, defendants argue that all of Boniface's retaliation claims should be dismissed for failure to allege the necessary causal link between protected activity and an adverse action.[3] Boniface responds that she has pled sufficient facts to meet the Seventh Circuit's "exceptionally low bar to the pleading of causation" in retaliation cases. (Dkt. 21 at 5.)

Title VII prohibits employers from discriminating against employees who report allegedly discriminatory acts. 42 U.S.C. § 2000e-(3)(a). To state a prima facie case of retaliation, a plaintiff must allege: (i) that she engaged in a statutorily protected activity; (ii) she suffered an adverse action at the hands of defendant; and (iii) there was a causal link between the protected activity and the

---

[2] However, as explained elsewhere in this opinion, Counts V and VII are dismissed against all defendants on other grounds.
[3] Because Count II is dismissed for failure to state a claim of harassment, it is not considered again here.

6

adverse action. *Jajeh v. Cnty. of Cook*, 678 F.3d 560, 569 (7th Cir. 2012). To satisfy the causal link requirement, a plaintiff must allege that her complaint led to or "was a major factor" in the adverse employment action. *Van v. Ford Motor Co.*, No. 14 CV 8708, 2016 WL 1182001, at *4 (N.D. Ill. Mar. 28, 2016) (Coleman, J.). Defendants rely primarily on summary judgment decisions, which require verified evidence beyond the complaint. At the pleadings stage, however, Boniface need only allege that she was subjected to an adverse employment action because she engaged in protected activity. Boniface has done so. The span of a few months' time passing between Boniface's charge with the IDHR and her indefinite suspension without pay is insufficient to prevent Boniface's allegations from proceeding at this point. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 829 (7th Cir. 2014); *see also Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 565 (7th Cir. 2015) ("the mere passage of time does not conclusively bar an inference of retaliation") (internal quotations and citations omitted).

Next, defendants argue that Boniface's retaliation claims cannot proceed because she has not alleged that she suffered an adverse action. Boniface points to her allegation that she was discharged from employment with Westminster, although defendants called it "indefinite suspension without pay." Further, Boniface contends that even if she is still indefinitely suspended this is an adverse employment action because suspension is a significant change in benefits with a significant financial impact.

The Seventh Circuit defines adverse employment broadly, categorizing it in three ways: "(i) termination or reduction in compensation, fringe benefits, or other financial terms of employment; (ii) transfers or changes in job duties that cause an employee's skills to atrophy and reduce future career prospects; and (iii) unbearable changes in job conditions, such as hostile work environment or conditions amounting to constructive discharge." *Barton v. Zimmer, Inc.*, 662 F.3d 448, 453–54 (7th Cir. 2011). An adverse employment action must "materially alter the terms and conditions of employment" and not be a "mere inconvenience or an alteration of job

7

responsibilities." *Dass v. Chicago Bd. of Education*, 675 F.3d 1060, 1069 (7th Cir. 2012). Boniface alleges that Westminster discharged her from employment and that she was suspended from pay without receiving any updates regarding the investigation that allegedly was the reason for her suspension. These allegations sufficiently plead a reduction in compensation and fringe benefits that is an adverse employment action. Defendants' motion to dismiss Count III is denied.

Defendants further argue that Boniface's section 1981 retaliation claim (Count VII) should be dismissed because the protected activity must be based on race, not sexual harassment as alleged here. Boniface fails to respond to this argument, conceding that her Section 1981 retaliation claim should be dismissed. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). "[C]laims of sex discrimination are not cognizable under section 1981," and thus Boniface's allegation that she was retaliated against for filing a charge with the IDHR alleging incidents of sexual harassment fails to state a claim. *See Friedel v. City of Madison*, 832 F.2d 965, 966 n.1 (7th Cir. 1987). Count VII is dismissed against all defendants.

Finally, defendants argue that Boniface's state law retaliation claim (Count VIII) cannot proceed because it is preempted by the IHRA. The IHRA is the exclusive remedy for the redress of civil rights violations under Illinois law. *See Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). Pursuant to the IHRA, it a civil rights violation for a person to "[r]etaliate against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination, sexual harassment in employment … because he or she has made a charge [or] filed a complaint[.]" 775 ILCS 5/6-101(A). Boniface's common law claim for retaliatory discharge asserts that she engaged in protective activity and was discharged in violation of public policy. This is exactly the type of allegations that the IHRA preempts. *See Krocka*, 203 F.3d 516. Moreover, Boniface fails to respond to defendants' argument that her state law retaliation claim is

preempted, and thus also has conceded this argument. *See Alioto*, 651 F.3d at 721. Count VIII is dismissed against all defendants with prejudice.

*Discrimination (Counts IV and VI)*

Finally, defendants argue that Boniface's discrimination allegations fail to state a claim because there was no adverse employment action and Boniface fails to allege facts to support that other employees were not indefinitely suspended pending investigations. Although defendants also include Counts III and VII with this argument, because the Court finds that Count III sufficiently states a claim for retaliation and that Count VII fails to state a cognizable claim, the Court does not consider them again here. Boniface's same arguments regarding the adverse employment action apply to her discrimination claims.

For both of her discrimination claims, Boniface does not challenge defendants' contention that she is relying only on the indirect method framework of *McDonnell Douglas*. To survive a motion to dismiss under this framework, Boniface must allege that: (i) she was a member of a protected class; (ii) she was qualified for the position; (iii) she suffered an adverse employment action; and (iv) similarly situated employees who were not members of the plaintiff's protected class were treated more favorably. *Oliver v. Joint Logistics Managers, Inc.*, 893 F.3d 408, 412 (7th Cir. 2018); *Antonetti v. Abbott Labs.*, 563 F.3d 587, 591 (7th Cir. 2009).

A complaint alleging race discrimination need only allege that the employer instituted a specific adverse employment action against the plaintiff on the basis of her race. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014); *see also EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 781–82 (7th Cir. 2007) (stressing the simplicity of pleading a Title VII discrimination claim). As explained, this Court finds that Boniface alleged an adverse employment action. Boniface directly ties this action to her race and alleges that defendants did not indefinitely suspend or discharge

employees who are not black.  This Court denies defendants' motion to dismiss Counts IV against Westminster and VI against all defendants.

**Conclusion**

Based on the foregoing, defendant's Motion to Dismiss Boniface's Amended Complaint [15] is denied for Counts III–IV against Westminster and Count VI against all defendants; granted without prejudice for Counts I and II against Westminster and Counts V and VII against all defendants; and granted with prejudice for Counts I–IV against Etheridge and Myers and Count VIII against all defendants.

IT IS SO ORDERED.

Date: 2/7/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge